RECEIVED
USDC CLERK, CHARLESTON, SC
2006 DEC 19 A 11: 32

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Vincent L. Barr, formerly #245797, <br><br> Plaintiff, <br><br> -versus- <br><br> John Battiste, <br><br> Defendant. | C. A. No. 2:06-2209-CMC-RSC |
| Vincent L. Barr, formerly #245797, <br><br> Plaintiff, <br><br> -versus- <br><br> John Battiste, <br><br> Defendant. | C. A. No. 2:06-2284-CMC-RSC |

### REPORT AND RECOMMENDATION

These civil rights actions under 42 U.S.C. § 1983 brought by a pre-trial detainee proceeding pro se and in forma pauperis are before the undersigned United States Magistrate Judge for pre-trial management. 28 U.S.C. § 636(b).

The plaintiff, Vincent L. Barr, filed three separate actions against defendant John Battiste, the Administrator of the Williamsburg County Detention Center, where the plaintiff is presently housed. All actions complain of the conditions of confinement. On October 5, 2006, the Court entered an Order

1

consolidating C/A No. 2:06-2355-CMC-RSC with 2:06-2284-CMC-RSC under the case number for the latter. On November 16, 2006, the defendant filed a motion to consolidate C/A 2:06-2284-CMC-RSC with C/A 2:06-2209-CMC-RSC, which motion is unopposed by the plaintiff.

Fed. R. Civ. Pro. 42(a) provides that "[w]hen actions involving a common question of law or fact are pending before the court ... it may order all the actions consolidated ..." See generally, 9 Wright & Miller, F. Prac. Sections 2382-84. Where multiple lawsuits arise from the same operative facts and involve substantially the same witnesses, consolidation is particularly appropriate. See, e.g., Young v. City of Augusta, Ga. Through Devaney, 59 F. 3d 1160, 1168 (11th Cir. 1995).

Both complaints here raise similar allegations regarding conditions at the Williamsburg county Detention Center. For the sake of judicial economy, C/A 2:06-2209-CMC-RSC should be dismissed, and the complaint from C/A 2:06-2209-CMC-RSC filed as an amended complaint in C/A 2:06-2284-CMC-RSC. Defendant should be given the opportunity to amend his answer within the time period provided for in the Federal Rules of Civil Procedure.

## CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended that C/A 2:06-2209-CMC-RSC be dismissed without prejudice. If this recommendation is accepted, the Clerk should

file a copy of the order and the plaintiff's Complaint from C/A 2:06-2209-CMC-RSC in 2:06-2284-CMC-RSC.

                                      Respectfully Submitted,

                                      Robert S. Carr
                                      United States Magistrate Judge

Charleston, South Carolina

December __19__, 2006

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

4