IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Vincent L. Barr, #245797, ) | C. A. No. 2:06-2209-CMC-RSC |
| Plaintiff, ) | |
| -versus- ) | **REPORT AND RECOMMENDATION** |
| John Battiste, ) Jail Administrator ) | |
| Defendant. ) | |

This civil rights action brought pursuant to 42 U.S.C. § 1983 by Vincent L. Barr, a state prisoner proceeding pro se and in forma pauperis, is before the undersigned United States Magistrate Judge for a report and recommendation on the defendant's motions for summary judgment. 28 U.S.C. § 636(b).

Plaintiff filed three separate complaints against Defendant John Battiste. On October 5, 2006, the Honorable Cameron McGowan Curry, District Judge, entered an Order consolidating C.A. No. 2:06-2355-CMC-RSC with 2:06-2284-CMC-RSC under the case number for the latter. Then on January 22, 2007, Judge Curry dismissed C/A No. 2:06-2284 and its complaint was made part of this action.

In this complaints, Barr named John Battiste, Jail Administrator, in both his official and individual capacities as the defendant. Barr complained that, while housed as a pre-trial detainee at the Williamsburg County Detention Center (WCDC), he was denied adequate medical care for a rash, was denied his

1

prescription medication for a mental disorder, was in danger of assaults by other detainees and inmates which caused him to worry and lose sleep, had grievances which were not properly handled, was housed in a cell block different than other detainees with similar charges, i.e., shoplifting sixth offence, was not allowed to work serving food, did not have an attorney to represent him on his charges, and was subjected to recycled disposable razors, hair clippers were not washed with a germicide between uses, and to showers were dirty.  He complained also that there were many bugs at the facility, that he had to wash his own linens by hand, and that once he went without soap, toothpaste, and deodorant for a week.  He prayed for equitable relief for himself and other detainees including his release[1] and damages "for the emotional pain and distress of being denied due process of law" and "physical injury and physical suffering; emotional distress."  He also asked the court to freeze all Battiste's assets pending final disposition of this matter.

The defendant answered the complaints and asserted various defenses including his contention that Plaintiff has failed to exhaust his administrative remedies as required by the

---

[1] Barr is no longer detained at the WCDC and has been incarcerated at the Kirkland Correctional Institution so his prayers for injunctive relief are moot. <u>Williams v. Griffin</u>, 954 F.2d 820,825 (4th Cir. 1991).  Further, Plaintiff has no standing to seek relief for other detainees. <u>Allen v. Wright</u>, 468 U.S. 737 (1984).

2

Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Defendant next moved for summary judgment on January 12 and 26, 2007. Barr was provided copies of the motions and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Barr opposed the defendant's motions on January 22, 2007, and on February 9, 2007. Hence, it appears consideration of the motions is appropriate.

## SUMMARY JUDGMENT STANDARD

Pursuant to Fed.R.Civ.P. 56(c), a district court must enter judgment against a party who, "after adequate time for discovery ... fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986). Where "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law," entry of summary judgment is mandated. Fed.R.Civ.P. 56(c). To avoid summary judgment on defendants' motion, a plaintiff must produce evidence creating a genuine issue of material fact. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the

3

plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 2512 (1986). In determining whether a genuine issue of material fact is in dispute, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, Id. at 255, 106 S.Ct. at 2513-14.

## EXHAUSTION OF ADMINISTRATIVE RMEDIES

The Prison Litigation Reform Act ("PLRA") requires that a prisoner[2] exhaust the available administrative remedies before filing a §1983 action concerning conditions of his confinement. 42 U.S.C. § 1997e(a). The revised PLRA states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

It is well established that the exhaustion requirement is mandatory, Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 677 (4th Cir. 2005), and that the requirement "applies to all inmate suits about prison life," whether they involve general circumstances or particular episodes and whether they allege excessive force or some other wrong. Porter v.

---

[2] A "prisoner", is defined to mean, "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law[.]" § 1997e(h). Thus, exhaustion of administrative remedies is also required of pretrial detainees such as the plaintiff here.

4

Nussle, 534 U.S. 516, 532, 122 S.Ct. 983 (2002); see also, Booth v. Churner, 532 U.S. 731, 121 S.Ct. 1819, 1820 (2001) ("Under 42 U.S.C. § 1997e(a), an inmate seeking only money damages must complete any prison administrative process capable of addressing the inmate's complaint and providing some form of relief, even if the process does not make specific provision for monetary relief."). A plaintiff's failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) is an affirmative defense which the defendants have the burden to plead and prove. Anderson, 407 F.3d at 681; Jones v. Bock, 127 S.Ct. 910, 921 (2007).

A failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by inmates under any federal law, including § 1983. Woodford v. Ngo, 548 U.S. ___, 126 S.Ct. 2378, 2386 (2006). Furthermore, under Jones v. Bock, while no unexhausted claim may be considered under the PLRA, a case should not be dismissed in its entirety because it contains unexhausted claims. Jones, 127 S.Ct. at 924-25. The Supreme Court has instructed that the unexhausted claims should be dismissed and the rest of the case proceed.

In the instant action, the defendant pled the affirmative defense of failure to comply with the PLRA's exhaustion requirement and has moved for summary judgment on that basis as well as on the merits of the allegations. Battiste filed his

5

sworn affidavit which indicated that Barr had not appealed any denial of any grievance to the Administrative Law Judge Division.

A review of all the evidence submitted by Barr reveals that he filed a grievance on July 23, 2006, complaining that his shoplifting charge had been increased to shoplifting sixth offense, a felony, after the charging officer completed a check of Barr's criminal record. Battiste responded to the grievance. That matter is not part of Barr's complaints here.

Next, on July 25, 2006, Barr filed a grievance and asked for the services of a notary and Battiste responded that he should work with his attorney to get papers notarized or write to the magistrate. Likewise, that claim is not before the court here.

On August 5, 2006, Barr submitted a grievance asking for Battiste to get him an attorney to represent him on his charge, asking why he is not housed in the Trustee block where other detainees with shoplifting charges are housed, and noting that "he done been in 2 fights over here and have not been here a month," and asking for stationery. Battiste responded to the grievance by writing that he had the "Sgt. on duty to contact the Clerk of Court in reference to appointing you a public defender." This grievance contains three of the claims Barr raised here, i.e., that he should have been be housed in a less restrictive unit, that the defendant failed to protect him from two assaults, and that the defendant should have arranged for him to have

counsel for his criminal charge. Barr did not have to appeal these issues to the Administrative Law Judge Division since they do not concern issues which are appealable.[3] His grievances in this regard have been administratively exhausted by their denial at the jail administrator's level.

On all other issues, the defendant is entitled to summary judgment because of Barr's failure to exhaust his remedies as required by the PLRA. All issues except Barr's contention that he should be housed in a less restrictive unit, that he was not given adequate protection from other inmates, and that the defendant failed to get him an attorney, should be dismissed as unexhausted. The remaining issues will be discussed in seriatim.

### DISCUSSION OF EXHAUSTED ISSUES

A review of the record and relevant case law reveals that the defendant is entitled to summary judgment on the three remaining issues.

---

[3] "Issues are cognizable only if the inmate's accrued good time has been taken as a result of a disciplinary hearing; the calculation of a sentence is challenged; the calculation of sentence related credits is challenged; limited custody determinations that can be grieved under the administration's policy/procedure; or allegations of deprivations that would rise to the level of constitutional violations, and where harm or injury is alleged, it must be more than a minor harm or minor injury." See, SCDC Policy/Procedure GA-.0 1. 12, Inmate Grievance System, issues appealable to the Administrative Law Judge Division.

First, Barr believes his constitutional rights were violated by his placement in medium security and not in the trustee block with other shoplifters. He is incorrect. A detainee has no constitutional right to a particular security classification, and the classification of inmates is a matter within the discretion of prison officials. See, Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293 (1995); Sweet v. S.C. Dept. of Corr., 529 F.2d 854 (4th Cir. 1975). Here, Barr had been charged with his sixth shoplifting offense, a felony. As such, jail procedures directed that he be housed in a medium security unit. (Aff. of Battiste at ¶ 3).

Second, Barr's complaint against Battiste that Battiste failed to protect him from two fights and that he was worried that he would be assaulted and lost sleep as a result should fail. This claim is governed by the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment's prohibition against cruel and unusual punishment because Barr was a pretrial detainee at the relevant times. Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979); Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988). The due process rights of a pretrial detainee are "at least as great as the Eighth Amendment protections available to a convicted prisoner." City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239, 244 (1983). This means that "while the convicted prisoner is entitled to protection only

8

against punishment that is 'cruel and unusual,' the pretrial detainee ... may not be subjected to any form of 'punishment.' " Martin, 849 F.2d at 870. As a practical matter, however, courts do not distinguish between the Eighth and Fourteenth Amendments in the context of a pretrial detainee's § 1983 claim. Hill v. Nicodemus, 979 F.2d 987, 990-92 (4th Cir. 1992); Belcher v. Oliver, 898 F.2d 32, 33 (4th Cir. 1990).

An official's "deliberate indifference" to "a substantial risk of serious harm to an inmate violates the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 828 (1994). An Eight Amendment claim has both an objective and a subjective component. Id. at 834. To satisfy the objective component, the plaintiff must show that his injury was sufficiently serious. "[A] prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Id. (quotation omitted). It does not appear that Barr received any injury, certainly no more that a de minimis injury, as a result of his two fights or assaults. Nor is his being worried and losing sleep sufficiently serious to satisfy the objective component. Barr has not shown that he was denied the minimal civilized measure of life's necessities as required by Farmer and its prodigy.

Additionally, it does not appear that Barr had any further trouble after his August 5, 2006, grievance to Battiste. In

9

fact, it is uncontested that at the time Battiste wrote his affidavit filed here, Barr was housed in protective custody at Barr's request. Therefore, Barr cannot show the requisite subjective "deliberate indifference" state of mind required by Farmer. Barr's claim should fail.

Third, Barr has not carried his burden to show that he is somehow entitled constitutionally to have the jail administrator obtain counsel to represent him in his criminal charges. Still, Battiste had his sergeant forward Barr's request to the Williamsburg County Clerk of Court.

Battiste is entitled to judgment as a matter of law on these three allegations.

As an alternate ground for decision, it appears that the defendant is entitled to qualified immunity from suit for damages in his individual capacity as his conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known. See, Harlow v. Fitzgerald, 457 U.S. 800 (1982). Further, Defendant may not be sued for damages in his official capacity since that is equivalent to a claim against the state and Battiste is not a "person" amenable to suit within the meaning of 42 U.S.C. § 1983. See, Will v. Dept. of State Police, 491 U.S. 58, 71, 109 S.Ct. 2304 (1989)

Finally, § 804 of the PLRA, amended § 1915(g), and reads as follows:

10

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The instant action is wholly meritless and should be considered frivolous and malicious within the meaning of the Prison Litigation Reform Act and counted as a "strike" against Barr thereunder. 28 U.S.C. § 1915A.

## CONCLUSION

It appears that Barr, as the party opposing summary judgment, has failed to point to facts evidencing a genuine material issue for trial. Fed.R.Civ.P. 56(c); see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505 (1986). Accordingly it is recommended that summary judgment should be granted. It is also recommended that all other outstanding motions should be deemed moot, and the action be deemed a "strike" against Barr under 28 U.S.C. § 1915A.

Respectfully submitted,

*Robert S Carr*

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

April 7, 2007

11

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court

12

P.O. Box 835

Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).