IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Vincent L. Barr, #245797, ) | C/A NO. 2:06-2209-CMC-RSC |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| John Battiste, Jail Administrator, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the court on Plaintiff's *pro se* complaint brought pursuant to 42 U.S.C. § 1983. Plaintiff asserts a variety of complaints, ranging from unsafe conditions at the jail to allegations relating to his then-pending criminal charges.[1]

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Robert S. Carr for pre-trial proceedings and a Report and Recommendation. On May 7, 2007, the Magistrate Judge issued a Report recommending that a portion of Plaintiff's complaint be dismissed for failure to exhaust his available administrative remedies; that Defendant's motion for summary judgment be granted to those portions of Plaintiff's complaint for which administrative remedies had been exhausted; and that this case be deemed a "strike" against Plaintiff under 28 U.S.C. § 1915(g).[2] The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation

---

[1] When Plaintiff originally filed this action, he was a pretrial detainee housed at the Williamsburg County Detention Center. Plaintiff was subsequently convicted and in currently confined in the South Carolina Department of Corrections.

[2] The Report and Recommendation contains several errors which this court deems likely scrivener's errors. In this regard, the Report indicates that the "strike" provision is located at 28 U.S.C. § 1915A. This is error, as the "strike" provision is located at 28 U.S.C. § 1915(g).

and the serious consequences if he failed to do so. Plaintiff has filed no objections and the time for doing so has expired.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report and Recommendation only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After reviewing the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the conclusions of the Magistrate Judge except as relates to the counting of this matter as a "strike" under 28 U.S.C. § 1915(g). Accordingly, the court adopts and incorporates the other portions of the Report and Recommendation by reference in this Order. Because Plaintiff's action is being dismissed in part upon a grant of summary judgment to Defendant, it should not be counted as a "strike." *See* 28 U.S.C. § 1915(g) (noting that a case is a "strike" for purposes of the statute if "it was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . .").

IT IS THEREFORE ORDERED that this matter is dismissed in part without prejudice due to Plaintiff's failure to exhaust his administrative remedies. As to those portions of his complaint which are administratively exhausted, Defendant's motion for summary judgment is **granted**.[3]

**IT IS SO ORDERED.**

                                          s/ Cameron McGowan Currie
                                          CAMERON McGOWAN CURRIE
                                          UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
June 12, 2007

C:\Documents and Settings\Guest\Local Settings\Temp\notesE1EF34\~7834985.wpd

---

[3] All other pending motions are deemed **moot**.

3